DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donald J. Golston, appeals from his convictions in the Summit County Court of Common Pleas for attempted burglary with a firearm specification. This Court affirms.
 I. {¶ 2} At approximately 1:00 a.m. on September 5, 2003, Arthur Starnes was in his three-floor duplex alone on Grand Avenue in Akron, Ohio watching television, when he heard a "wood crackling" noise. The lights inside his duplex were off, but the back porch light was on. Starnes went downstairs to the first floor of the duplex, and through the window saw two men dressed in dark clothing, one attempting to pry his back door open with a crowbar. Starnes could not see the individuals' faces.
 {¶ 3} Starnes then ran into his living room, called 911, and then ran out of the house through the main door. As Starnes started to run across the street, he noticed a gray car parked next door to his duplex, and someone was sitting in the car. Starnes also saw a burgundy car parked on the street directly in front of the duplex. Starnes reached the other side of the street, still communicating with 911, and decided to hide in his neighbor's bushes. From this vantage point, Starnes observed the gray car start up and drive away, and then noticed two individuals in dark clothes walk to the front of the duplex from the back, get in the burgundy car, and start to drive away, with the headlights off.
 {¶ 4} Akron Police Officer Eric Wagner and Sergeant Brian Simcox responded to Starnes' 911 call and arrived on the scene just as the burgundy car began to drive away. Officer Wagner pulled up alongside the car, and began to question the two individuals inside the car, the driver of which Officer Wagner identified as co-defendant, Carter Smith, and the passenger as Appellant. Officer Wagner noticed that Appellant and Smith were dressed all in black. Appellant and Smith explained to Officer Wagner that they were just leaving a friend's house, and that they had seen a person run down the street. During this questioning, Sergeant Simcox then appeared at the scene, and signaled to Officer Wagner that he believed Appellant and Smith were the suspects they were looking for.
 {¶ 5} During the questioning, the officers noticed "fumbling around going on" in the car, and Sergeant Simcox noticed that Appellant had a firearm on him. As Officer Wagner took Smith and Sergeant Simcox took Appellant out of the car, Officer Wagner saw a Beretta firearm with the barrel sticking out from underneath the seat, as well as a pair of black zipper gloves. Officer Wagner handcuffed Smith, placed him in his cruiser, and then proceeded to assist Sergeant Simcox with Appellant. They retrieved a can of pepper spray from Appellant's pocket as well as a pair of gloves, and then placed him under arrest. Additionally, the officers found a loaded Colt .45 caliber gun with the hammer cocked back halfway on Appellant's person.
 {¶ 6} The officers then proceeded to search the passenger seat of the car. They retrieved a roll of clear packaging tape and a pry bar with wood chips in it from underneath the passenger seat. The officers placed all of the retrieved items on the hood of the cruiser and photographed the items. When Starnes went to enter his apartment again, he noticed pry marks on the back door, but that no one had actually entered the apartment.
 {¶ 7} On September 16, 2003, the Summit County Grand Jury jointly indicted[1] Appellant and Smith on the following charges: (1) one count of attempted burglary, in violation of R.C. 2911.12(A)(1) and 2923.02(A), a third degree felony, with a firearm specification per R.C. 2941.145; (2) one count of carrying a concealed weapon, in violation of R.C. 2923.12, a fourth degree felony; (3) one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2), a fifth degree felony; and (4) two counts of possessing criminal tools, in violation of R.C.2923.24, a fifth degree felony. Appellant pled not guilty to these charges.
 {¶ 8} The case proceeded to a jury trial. At the close of its case, the State moved to admit four photographs, one of Starnes' home, and the other three depicting items retrieved from Appellant. Appellant's counsel objected to their admission, arguing that the State failed to lay a foundation that the photographs were fair and accurate representations of the crime scene. The trial court overruled the objection and admitted the photographs.
 {¶ 9} Additionally, Appellant's counsel moved for acquittal pursuant to Crim.R. 29(A) with respect to the attempted burglary charge and firearm specification, arguing, inter alia, that Starnes could neither identify Appellant as one of the perpetrators, nor testify to the fact that there was a visible weapon on Appellant's person. The judge denied the motion. At the end of the entire case, Appellant's counsel renewed both the Crim.R. 29(A) motion and the objection to the admission of the four photographs, which the court denied as well. A jury found Appellant guilty as to all counts. The trial court sentenced him accordingly. This appeal followed.
 {¶ 10} Appellant timely appealed, asserting five assignments of error for review. We address Appellant's first, second, third, and fourth assignments of error together, to facilitate review.
 II. A. First Assignment of Error
"[The] Trial Court erred in denying defendant's Rule 29 motion to dismiss because the elements of attempted burglary were not shown by the prosecution."
 Second Assignment of Error
"Defendant's conviction of attempted burglary was against the manifest weight of the evidence."
 Third Assignment of Error
"Trial court erred in denying defendant's Rule 29 motion to dismiss because the elements necessary to support the firearm specification were not shown by the prosecution."
 Fourth Assignment of Error
"Defendant's conviction under the firearm specification was against the manifest weight of the evidence."
 {¶ 11} In his first assignment of error, Appellant contends that the trial court erred in denying his Crim.R. 29(A) motion for acquittal, asserting that the State failed to establish all the elements of attempted burglary. In his second assignment of error, Appellant contends that his conviction for attempted burglary was against the manifest weight of the evidence. In his third and fourth assignments of error, Appellant contends that the firearm specification with the attempted burglary charge was against the manifest weight of the evidence, and that there was also insufficient evidence to sustain such a specification. We disagree.
 {¶ 12} As a preliminary matter, the Court observes that sufficiency of the evidence and weight of the evidence are legally distinctive issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 15} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id.
 {¶ 16} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." State v. Daniels (June 3, 1998), 9th Dist. No. 18761, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. "Circumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399, quoting Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." State v. Chisolm (July 8, 1992), 9th Dist. No. 15442, quoting Jenks, 61 Ohio St.3d at 272. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990), 51 Ohio St.3d 160, 168, citing Hurtv. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 331. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Lott,51 Ohio St.3d at 168, citing Hurt, 164 Ohio St. at 331.
 {¶ 17} In this case, Appellant contends that the State failed to present evidence at trial to establish his presence at the crime scene. Appellant maintains that because Starnes could not identify Appellant and the co-defendant as the perpetrators, and because he was the only person that witnessed the acts in question, the State failed to meet its burden on that element. However, Appellant's argument lacks merit; we find that the direct and circumstantial evidence in this case is strong enough to support the conclusion that Appellant was one of the perpetrators. SeeState v. Lewis (Dec. 15, 2000), 4th Dist. No. 99CA2523; State v.Cardwell (Sept. 2, 1999), 8th Dist. Nos. 74496, 74497, 74498 (holding, that, although the victims could not identify the perpetrator, the circumstantial evidence abundantly supported the conclusion that the defendant was the perpetrator); State v. Moore (Apr. 19, 2000), 9th Dist. No. 19544, at 7-8 (stating that while the victim could not identify the defendant as her attacker, she was able to give a description of the defendant's physical build and voice, and circumstantial evidence presented at trial as sufficient to sustain a conviction).
 {¶ 18} While Starnes could not identify the perpetrators or give a physical description except for the clothes the perpetrators wore, Officer Wagner and Sergeant Simcox clearly identified Appellant as the individual in the passenger seat of the burgundy-colored car. Both officers testified that Appellant was dressed in dark clothing. Additionally, Starnes clearly stated to the police officers that the individuals in the burgundy car were the same two individuals that had walked from the rear of the duplex, dressed in dark clothing, and that he watched them until the officers arrived. Sergeant Simcox testified at trial that when he arrived on the scene, Starnes approached him and told him that the two individuals that came from behind the duplex just got in the burgundy car. In addition, the officers found a crowbar with fresh wood chips in it and clear tape in the car; pictures taken of Starnes' apartment door that early morning reflect that the wood frame had been recently picked at and was damaged as a result. One can reasonably infer from this set of circumstances that Appellant was one of the two individuals dressed in black who attempted to pry open Starnes' back door.
 {¶ 19} As for his challenge to the firearm specification, Appellant insists that no testimony was presented that established a connection between Appellant's possession of the handgun and its use during the commission of the attempted burglary. Appellant argues that when Starnes saw the two individuals at the back door, he never saw a gun on either person. However, one can also reasonably infer that Appellant had a .45 caliber Colt in his possession when he and Smith were at Starnes' back door attempting to pry the door open. Officer Simcox found the gun in Appellant's waistband, and Appellant and Smith were stopped by the officers right after they walked from the back of Starnes apartment, got in the burgundy car, and started to drive away.
 {¶ 20} After a careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found Appellant guilty of attempted burglary with a firearm specification. See Otten, 33 Ohio App.3d at 340. Accordingly, we find that Appellant's conviction for attempted burglary and firearm specification were not against the manifest weight of the evidence.
 {¶ 21} Having found that Appellant's conviction for attempted burglary with a firearm specification was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury's verdict in this case with respect to the attempted burglary charge and firearm specification. See Roberts, supra.
 {¶ 22} Appellant's first, second, third, and fourth assignments of error are overruled.
 B. Fifth Assignment of Error
"The trial court committed prejudicial and reversible error by admitted [SIC] the photographs when no proper foundation was laid prior to their admission."
 {¶ 23} In his fifth assignment of error, Appellant challenges the trial court's admission of Exhibit 1, a photograph of the duplex in which Starnes lived, and Exhibit 14, a series of four Polaroid photographs of the evidence the officers recovered from Appellant and Smith. Appellant maintains that the State failed to establish a foundation for each of the photographs' accurate representation, and specifically, that no remarks were made during trial that any of the photographs were fair and accurate representations of the objects depicted in the photograph.
 {¶ 24} Initially, we observe that Appellant's counsel objected only to the admission of Exhibits 1-4. Because Appellant's counsel failed to object to the admission of any exhibits other than these four, Appellant cannot now challenge the admission of Exhibit 14 on appeal. Failure to object to the admission of evidence at trial constitutes a waiver of that challenge on appeal. Akron v. Simpson (July 6, 1988), 9th Dist. No. 13383, at 2-3. Therefore, Appellant cannot now assign error to the court's admission of Exhibit 14.
 {¶ 25} We now turn to Appellant's challenge of the court's admission of Exhibit 1, the photograph of Starnes' duplex apartment. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, a trial court's decision on an evidentiary issue will stand absent an abuse of discretion that materially prejudices a party. Dardinger v. Anthem Blue Cross Blue Shield, 98 Ohio St.3d 77,2002-Ohio-7113, at ¶ 193, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
 {¶ 26} During his testimony at trial, Starnes confirmed that Exhibit 1 was a photograph of his apartment. Appellant claims that this confirmation was insufficient to establish a foundation for the admission of the photograph; he asserts that the only way the photograph could be properly admitted is through an express statement that the picture was a fair and accurate representation of the apartment. Without reaching a determination on the propriety of the court's admission of this photograph, we find that any existent error would be harmless.
 {¶ 27} "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Accordingly, "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus. Furthermore, "[a] single analytical error by the trial court, in an otherwise correct analysis, might not necessarily constitute a sufficient basis to overturn the decision of the court under established tests for abuse of discretion." Ojalvo v. Bd. of Trustees ofOhio State Univ. (1984), 12 Ohio St.3d 230, 232-33.
 {¶ 28} We find that all the testimony and other evidence adduced at trial was sufficient to overwhelmingly establish Appellant's guilt for attempted burglary, and that therefore, any error in this case would not rise to the level of reversible error. See Williams, 6 Ohio St.3d at paragraph six of the syllabus. Therefore, Appellant's fifth assignment of error is overruled.
 III. {¶ 29} Appellant's assignments of error are overruled. Appellant's conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. concur
[1] Smith has also appealed to this Court from his conviction. Although Appellant and Smith were charged under the same indictment and tried together, their appeals to this Court were not consolidated.